### THE STANDELLA.

### ANGLO–SAXON PETROLEUM CO., Limited, et al. v. HELDENFELS.
### No. 9244.

Circuit Court of Appeals, Fifth Circuit.
Dec. 27, 1939.

Rehearing Denied Jan. 29, 1940.

J. Newton Rayzor and John R. Brown, both of Houston, Tex., for appellants.

Clarence S. Eastham and T. G. Schirmeyer, both of Houston, Tex., for appellee.

Before FOSTER, SIBLEY, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

This is a libel in rem filed by F. W. Heldenfels, owner of the Tug Andrew and two barges, against the M/V Standella, a tank ship owned by the Anglo-Saxon Petroleum Company, Ltd., of London. The libelant sought to recover damages sustained by the Tug Andrew in a collision with the M/V Standella. The collision occurred on February 6, 1938, about 2:30 in the afternoon, in the Houston-Galveston Ship Channel about ten miles below Morgan's Point and about two and one-half miles above Red Fish Reef Light in Galveston Bay, an open expanse of water. At the time of the collision a fog blanketed the channel and visibility was limited to about 300 feet.

The impact of the two vessels opened the seams of the tug and caused her to sink within a few minutes at or near the point of collision.

The court heard the evidence, found the issues in favor of the libelant, made findings

of fact and conclusions of law, and entered judgment for the libelant. From the decree awarding full damages the claimant of the M/V Standella and its surety have appealed.

Heldenfels, a producer of shell in Harris County, Texas, owned and operated the Tug Andrew. The Andrew was a Diesel powered wooden hull 53 feet long with a beam of 14 feet and a draft of 6 feet 3 inches. The claimant's motor vessel, the M/V Standella, was a steel tank vessel of 6,000 tons, 430 feet long with a beam of 54.7 feet and a draft of approximately 25 feet 6 inches. She was propelled by a 2,800 horsepower Diesel engine and a single right hand screw.

The channel where the collision occurred is straight for several hundred yards. It has a surface width of approximately 450 feet and is 400 feet wide on the bottom. The average depth of the water outside the channel is six feet and the depth in the channel is 34 feet.

When the accident occurred, the Tug Andrew with two barges in tow was proceeding up the channel inward toward Morgan's Point and Houston at an approximate speed of two and one-half miles per hour. She was being steered by a compass course and was navigating on the east side (her starboard side) of the channel about fifty or seventy-five feet from the east edge. The master of the tug, Captain Heaton, had years of experience in this channel. Just prior to the collison the tug and tow passed red spar buoy No. 30 to the starboard and the Captain testified that the barges cleared the buoy by 25 or 30 feet. A lookout had been posted on the forward end of the first barge and the customary fog signal of a tug with tow was and had been sounded at one minute intervals for ten minutes before the collision.

The M/V Standella was proceeding down the channel outward to sea. The Tug Messenger was on a hawser about 400 feet forward. The fog blanket appeared and began to settle down over the channel, the M/V Standella slowed her engines and at 2:22 p. m. stopped them. The Tug Messenger cast off her line and preparations were made for anchoring the vessel until the fog lifted. All hands on the forecastle were busy hauling in the towing hawser and the windlass was running and making much noise when the Tug Andrew loomed out of the fog. The evidence is in conflict as to what happened thereafter. The Captain of the M/V Standella, however, testified that he would not say that he remembered anything; that he did not discover the Andrew until it was very near his vessel; and that his vessel was moving at a rate of speed which made it unsafe to drop anchor.

From all the evidence it clearly appears that the collision occurred on the east side of the channel; that the M/V Standella was negligently navigating on her port side of the channel; and that had she kept to the west (her starboard) side the collision would not have occurred.

The M/V Standella was guilty of a most serious statutory fault when she navigated on the port side of the fairway or mid-channel. Section 210, 33 U.S.C.A., provides: "Steam vessel in narrow channel. Art. 25. In narrow channels every steam vessel shall, when it is safe and practicable, keep to that side of the fairway or mid-channel which lies on the starboard side of such vessel." This is a cardinal rule of navigation and applies as well in fog as in clear weather. The most ignorant navigator will be presumed to know this simple and wise requirement. The Yarmouth, D.C., 100 F. 667; The Newport News, 4 Cir., 105 F. 389, 393.

The M/V Standella claims fault against the Andrew for failing to stop her engine and cites Article 16, 33 U.S.C.A. § 192, which provides: "Speed in fog, etc. * * * A steam vessel hearing, apparently forward of her beam, the fog signal of a vessel the position of which is not ascertained shall, so far as the circumstances of the case admit, stop her engines, and then navigate with caution until danger of collision is over."

The evidence is in sharp conflict as to whether or not the M/V Standella was sounding a fog signal prior to the collision. It is without dispute that the Andrew failed to stop or reverse her engine, and that at the time of the disaster she was moving at a speed of about two or two and one-half miles per hour. It is clearly shown, however, that the failure of the Andrew to stop or reverse her engine did not cause the accident. Her failure to stop in no wise contributed to the collision. The M/V Standella was moving out to sea on the wrong side of the channel. Had the Andrew stopped her engine she would have been in the path of the oncoming M/V Standella and the collision would have in all probability been more serious than it was. The liability for damages is upon the ship or

ships whose fault caused the injury and where, as here, the fault of one vessel could have had nothing to do with the collision that fault may be dismissed from consideration. The Pennsylvania, 86 U.S. 125, 136, 22 L.Ed. 148; The Providence, D.C., 282 F. 658, 661.

 The failure of the M/V Standella to comply with Article 25 was the sole cause of the collision and she must answer in damages for the injuries sustained by the Andrew. The Vanderbilt, 73 U.S. 225, 18 L. Ed. 823; The Providence, D.C., 282 F. 658; The Pennsylvania, 86 U.S. 125, 22 L.Ed. 148.

The judgment is affirmed.